### 9935

#### STOUFFER v. ROBERTS *ET AL.*
##### (96 S. E. 92.)

BILLS AND NOTES—BONA *FIDE* PURCHASERS—INFERENCE.—Attorney's letter to acceptor of draft, referred to as one originally given to a third person, stating that the draft was indorsed and transferred to the client for value before maturity and without notice of any offset, counterclaim, or defense, that the obligation was long past due, and requesting prompt remittance, did not, because of the fact that it referred to one draft only when there were four, warrant an inference that, as to the other drafts, the client was not a *bona fide* purchaser.

Before SHIPP, J., Fairfield, Spring term, 1917. Reversed.

Action by J. C. Stouffer against E. E. Roberts, Agent, and others. Judgment for defendants, and plaintiff appeals.

*Mr. T. M. Cathcart,* for appellant, cites: *An administrator cannot contract a debt to bind the estate of his intestate:* 2 Tr. Con. Rep. 677; 2 Nott & McCord 328; 2 Bail. 317; 3 McCord 486. *As to estoppel:* Reynolds on the Theory of the Law, pp. 81-82.

*Mr. G. W. Ragsdale,* for respondent, cites: *As to evidence of fraud:* 91 S. C. 455; 103 S. C. 539; 61 S. C. 190; 1 Strob., pp. 223-4; 80 S. C. 298. *Knowledge received by an agent within the scope of his employment is imputable to his principal, whether communicated to the latter or not:* 74 S. C. 15; 74 S. C. 221; 91 S. C. 487. *Information given to a servant and communicated by him to the master is binding on the master, though not within the scope of the servant's duties:* 63 S. C. 539.

March 21, 1918.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The respondents ordered a lot of jewelry from the "United Jewelry Manufacturing Company" on the 14th of September, 1905. The respondents lived at Monticello, S. C., and sellers live in Iowa City, in the State of Iowa. It does not appear in the record when the jewelry was received. On the 19th day of December, 1905, the respondent, as agent, accepted four drafts payable in three, six, nine, and twelve months, for $45. The first draft was paid. There was testimony to show that the drafts were assigned to the plaintiff on the 2d of February, 1906, before any of the drafts were due. This suit was brought on the three remaining drafts. The answer charged fraud in the contract, and alleged that the plaintiff well knew that they were fraudulent. At the conclusion of the testimony the plaintiff moved for a direction of a verdict. The presiding Judge stated that he would have granted the motion, but for a letter written by the attorney for the plaintiff to the defendant, E. E. Roberts, Agent. That letter tended to show that the plaintiff did not purchase the drafts sued on before maturity. That letter reads:

"R. P. Howell, Attorney at Law. Iowa City, Iowa, July 6, 1906. *J. C. Stouffer v. E. E. Roberts, Agent*—2687B. E. E. Roberts, Agent, Monticello, S. C.—Dear Sir: Mr. J. C. Stouffer, of this city, has this day placed in my hands for collection your accepted draft or bill, which was originally given by you to the United Jewelers' Manufacturing Company, in the amount of $45. This accepted draft or bill was indorsed and transferred to Mr. J. C. Stouffer for value, before maturity, and without notice of any offset, counterclaim, or defense as against the same. This obligation is long past due, and I presume that you have overlooked the matter. I, therefore, ask that you give the same your immediate and prompt attention and that you make remittance to me without delay.

"Thanking you in advance for a prompt reply, I remain yours very truly, R. P. Howell."

It is said that the reference to one draft only is some evidence that the plaintiff had only one draft at that time. This letter is written, not by the plaintiff, but by his attorney, and there is no word of evidence to show that the plaintiff turned over to Mr. Howell, his attorney, more than one draft. The plaintiff states that the first draft was paid about the 20th of March, 1906. The acceptances were signed on the 18th of December; on the 23d the respondent writes:

"Gents: Yours of recent date to hand; in reply will say I will sign the acceptances" (*sic*) "but I think the contract is as binging on me as it is on them, but rather have any hard words about it rather sign them, for I intend paying for what I buy without having any hard words. Hope this will be satisfactory. Yours truly, E. E. Roberts, Agent."

The respondent gave the acceptances deliberately after some controversy. The direct evidence is that the assignment was made before maturity, without notice to the assignee, and that, now that they are due, the acceptor cannot raise an issue as to the time of the assignment and notice of a failure of consideration by saying "I think" the letter of the attorney referred to the note due in March. The two acceptances were based upon the same transaction. This Court is of the opinion, and so holds, that the letter of July 6th does not contain any statement from which an inference could be drawn that the plaintiff was not a purchaser for value, before maturity, without notice. This is a very much stronger case than *Bank v. Stackhouse,* 91 S. C. 455, 74 S. E. 977, 40 L. R. A. (N. S.) 454.

There is nothing in the case to show that Mrs. Mary E. Roberts, as administrator, had authority to continue the business of her intestate husband. The judgment, therefore, could only be against Mrs. Roberts individually.

The judgment is reversed.

MESSRS. JUSTICES HYDRICK, WATTS and GAGE concur.

MR. CHIEF JUSTICE GARY dissents.